IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **VINCENT M GEORGE, JR.,** #R01690,  Plaintiff,  v.  **RACHEL DODD, WILLIAM LOY, ROBERT JEFFREYS, and JB PRITZKER,**  Defendants. | Case No. 24-cv-00320-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Vincent George commenced this lawsuit while an inmate of the Illinois Department of Corrections (IDOC) pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Robinson Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

In the Complaint, Plaintiff alleges that from September 2021 through August 5, 2022, he was housed in Unit 3A at Robinson Correctional Center, which is contaminated with black mold.

(Doc. 1, p. 6). Because of the exposure to black mold, Plaintiff developed respiratory issues. He went to sick call for his poor respiratory condition on March 30, 2022. (*Id.*).

In addition to black mold exposure, from July 16, 2022, through August 5, 2022, the air condition system was malfunctioning and not working properly. (Doc. 1, p. 6, 15). Plaintiff states that the temperatures outside rose to above ninety-five degrees during this time, and his cell had poor ventilation, no air circulation, and the windows did not open. (*Id.* at p. 6, 9, 11). Due to heat and poor air flow, Plaintiff suffered from heat exhaustion. (*Id.*).

Plaintiff asserts that the unhealthy living conditions of the cells in Unit 3A were relayed to "all staff members from sergeants to Lt.; to the Wardens Rachel Dodd & William Lay along with Robert Jeffrey's." (Doc. 1, p. 6).

## DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following count:

> **Count 1:** Eighth Amendment claim for unconstitutional conditions of confinement against Dodd, Loy, Jeffreys, and Pritzker.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

To prevail on an Eighth Amendment claim based on inadequate prison conditions, the plaintiff must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions.

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

*Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

Plaintiff's assertions that he was exposed to black mold, extremely hot temperatures, and poor ventilation while housed in Unit 3A states a colorable claim for a constitutional deprivation. *See White v. Monohan,* 326 F. App'x 385, 388 (7th Cir. 2009) (citation omitted). Plaintiff states that Wardens Dodd and Loy and Director Jeffreys knew about the conditions of the cells in Unit 3A and failed to act to rectify the situation.

Because the Court can reasonably infer that Warden Dodd and Loy were aware of the poor conditions of the cells at the facility where they worked, Count 1 will proceed against Dodd and Loy. *Gray v. Hardy,* 826 F. 3d 100, 1008 (7th Cir. 2016) (finding that a jury could infer that the warden was aware of the pest infestations in the facility).

The Court cannot, however, make such an inference as to the higher-level officials, Director Jeffreys and Governor Pritzker, based on the sparse facts as pled. *See e.g., Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (public officials do not have a free-floating obligation to put things to rights, and officials such as the head of the department of corrections are entitled to relegate to prison staff the provision of adequate conditions of confinement and medical care). Other than the conclusory statement that Jeffreys was informed about the conditions of the cells at Robinson, Plaintiff does not provide any supporting details regarding how and when Director Jeffreys knew that there was black mold in Plaintiff's housing unit or that the air-conditioning system was not working in July and August 2022. Jeffreys cannot be held liable simply for reviewing Plaintiff's grievance, nor can he be held vicariously liable for the conduct of subordinate staff or be found legally responsible based on his supervisory position. *See George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007) ("[r]uling against a prisoner on an administrative complaint does not

cause or contribute to a violation."); *Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). Count 1 is dismissed against Jeffreys.

Count 1 is also dismissed against Governor Pritzker. Plaintiff does not make any allegations against Pritzker in the body of the Complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

In an attempt to recruit counsel, Plaintiff states that his parents have made telephone calls on his behalf trying to obtain a lawyer. This is not sufficient information for the Court to determine that he has made reasonable efforts to obtain counsel on his own, and so Plaintiff has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel prior to seeking assistance

from the Court. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court further notes that Plaintiff is capable of proceeding pro se, at least for now. He is a college graduate, and his pleadings demonstrate he can effectively communicate with the Court. Plaintiff appears competent to try this matter without representation at this early stage. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to include in the motion the names and addresses of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Dodd and Loy and is **DISMISSED without prejudice** as to Jeffreys and Pritzker. Because there are no surviving claims against Jeffreys and Pritzker, they shall be terminated as defendants on the docket.

Because Plaintiff claims that his time in housing Unit 3A impacted his health, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Dodd and Loy the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint and this Memorandum and Order to Defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the

extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 8, 2024**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.